ANNA MANN, Respondent, v. JAMES E. HUNT, Appellant.

Third Department, December 22, 1953.

*Gerald W. O'Connor, John A. Murray* and *Earl S. Jones, Jr.,* for appellant.

*Henry H. Koblintz* for respondent.

BERGAN, J.  The jury's verdict in this negligence case was for the defendant; but the judge was of opinion the verdict was against the weight of evidence and set it aside.  The semantic problem that adheres to the expression " against the weight of evidence " has never been given an entirely successful solution. It involves essentially a matter of judgment and appraisal with the standards stemming back deep in the soil of the experience of the profession.

Everyone would admit that there are circumstances in which a trial judge's duty may require him to set aside a verdict which is too high, too low, or so wrong that it will not stand. The judge, indeed, has the active and continuous burden of supervising the work of the juries which report to him. But he will not interfere just because he dislikes the verdict; or feels quite strongly he would have done something else; or even because he may think the verdict is unjust.

The point of interference is not fixed on the caprice of judicial individualism; it is rather arrived at by a synthesis of all the experience that the judge has had: in the beginning as a law student, in the later controversies of law practice, in the hearing of cases and the writing of decisions, in the sum of all that he has absorbed in the courtroom and in the library.

In the end it is an informed professional judgment; and although lawyers might differ greatly about how the components of the judgment are arranged and added up, there would be a very considerable agreement about the result to be reached in any case once the facts were thoroughly understood.

The problem presented by the term '' against the weight of evidence '', indeed, is very similar in its implications to the problem of what the profession has meant by the word '' reasonable '' applied to private conduct or official act. Therefore, while the rule is not easily, or at all, capable of being laid down in plain words as an infallible guide to decision and can be illustrated only imperfectly by opinions in past cases, it is a rule which the profession understands as the cumulative product of its own experience.

A court which reviews the weight of evidence as well as the law, as does an Appellate Division, must approach an appeal from a decision by a trial judge setting aside a verdict in the light of the nature of the duty and the subtle and not easily definable measure of responsibility which the judge exercises in decision.

The duty of the judge to supervise the reasonableness of the verdicts returned to him ought to be viewed liberally on appeal because the independence of mind with which that duty is exercised is ingredient to the sound health of the judicial process. (*Lipshitz* v. *Sloan*, 280 App. Div. 855.)

Even if the judges who look at the case on appeal would not themselves have set the verdict aside had they acted in the first instance, they should not find in this alone a ground for reversal. If the case comes within the area within which judicial interference would not be regarded by the profession

as unreasonable, the exercise of the power thus to deal with the verdict ought to be upheld.

In the case now before us the question is whether the plaintiff was physically in a parked automobile when it was struck by the car standing in front which in turn was forced back by the impact of defendant's car coming diagonally across the street and striking it. Defendant said he had " lost control of the car ". The defendant's negligence in striking the first parked car is not in dispute and on appeal he admits that the sole issue was plaintiff's presence in the car.

Defendant himself testified that immediately after the accident there was no one in the car in which plaintiff claims to have been injured and that he " first saw " her coming across the street seven minutes after the accident. This testimony was quite fully substantiated by one witness and in some material respects by two other witnesses, but plaintiff testified unequivocally she was sitting in the car and injured by the impact.

There were two witnesses who substantiated her. One was a storekeeper who had placed a bundle of groceries in the car and who said plaintiff was then sitting in the car and who heard the crash when he was a short distance away from the car. Another witness testified that he was in actual conversation with plaintiff while she was sitting in the car and that she was in the car at the time of collision.

A physician who examined plaintiff on the day of the accident found her suffering from abrasions and contusions of the right upper arm, the appearance of which, he said, was " discolored and contused ". This was consistent with plaintiff's own description of her injury.

It is our view that the case lies well within the area of the judge's power to set the verdict aside in the supervision of the jury's work before him. Having himself heard the facts developed from the witnesses and sensed the atmosphere and texture of the trial, he had the duty of maintaining reasonable consistency between the weight of evidence and the verdict reached. Appellant has not demonstrated, as he is bound to do to have a reversal, that the order for a new trial was not reasonably grounded.

There is " no standard by which to determine " when a verdict should be set aside as against the weight of evidence. The decision " depends upon the discretion of the court " (*McDonald* v. *Metropolitan St. Ry. Co.*, 167 N. Y. 66, 69).

The order should be affirmed, with costs to appellant to abide the event.

FOSTER, P. J., COON, HALPERN and IMRIE, JJ., concur.

Order affirmed, on the law and facts, with costs to the appellant to abide the event.