LILLIAN R. COOK, Respondent, v. MARGARET LEWIS, Appellant.— Defendant appeals from an order at a Trial Term of the Supreme Court in Albany County, setting aside the verdict of a jury in plaintiff's favor for $1,000 as inadequate, and granting a new trial. Plaintiff, while clearing leaves in a parking lot adjoining the apartment house of which she was superintendent, was struck by an automobile which defendant was backing in order to drive from the lot. Testimony for plaintiff indicated injuries of some consequence to the left hip, leg and knee, with swelling and inflammation developing in the synovial membrane of the knee to the extent that, a month after the accident, a plaster cast was applied to immobilize the knee joint. The cast was worn for about three

weeks with an Ace bandage thereafter. Plaintiff used crutches for several weeks after removal of the cast and, thereafter, used a cane. At the time of the trial there was evidence of pain and restriction of knee motion, stated to be permanent and progressive. X rays taken at the instance of both parties were negative. There was medical testimony in behalf of the defendant to the effect that, though plaintiff presented subjectively a picture of a very substantial restriction in the left knee, the doctor could find no objective symptoms or normal medical basis for her inability to bend that knee. The discretion vested in the trial court by section 549 of the Civil Practice Act recognizes the position of the judge presiding at a trial and places upon him " the duty of maintaining reasonable consistency between the weight of evidence and the verdict reached." (*Mann* v. *Hunt,* 283 App. Div. 140, 142.) Appellant has not demonstrated that the order for a new trial was not reasonably grounded. Order unanimously affirmed, with $10 costs and disbursements. Present — Foster, P. J., Bergan, Halpern, Imrie and Zeller, JJ.