George M. Fanelli, J.
While riding her horse across a public highway, plaintiff was struck by an automobile owned and operated by defendant. In her complaint two causes of action are pleaded, one for personal injuries sustained by plaintiff and the other for medical expenses incurred by her in connection with the care and treatment of the horse’s injuries.
Upon the trial the jury, pursuant to the court’s charge, returned two separate verdicts: (1) $4,000 for plaintiff’s personal injuries upon the first cause of action, and (2) $185 on the second cause of action which represented the full amount expended by plaintiff in connection with the treatment of her horse’s injuries (veterinarian’s bill).
*1042 Plaintiff makes no complaint with respect to the latter verdict hut does now move, pursuant to section 549 of the Civil Practice Act, to set aside the jury’s verdict with respect to the first cause of action on the ground that said verdict is inadequate, and for a new trial.
While the court is cognizant of the fact that the amount of compensatory damages in a case of this kind is peculiarly within the province of the jury, and that it may not substitute its judgment for that of the jury, nevertheless, accepting the jury’s determination of defendant’s liability which is implicit in its verdict, the court is duty bound and constrained to find that the amount awarded plaintiff on the first cause of action was inadequate and that the verdict in said amount should not be permitted to stand.
It is undisputed that plaintiff was in good health at the time of the accident. While there is a conflict in the medical proof as to the extent and duration of some of plaintiff’s injuries, including her subjective complaints, nevertheless, the uncontradicted evidence adduced at the trial discloses that plaintiff sustained some very serious, extensive and permanent injuries, which among others, consisted of a fracture of the right clavicle with a displacement resulting in improper alignment; fracture of the lower dorsal spine; limitation of motion on bending; and injuries to the ligaments and nerves. Plaintiff was confined to a hospital for a period of 93 days, most of which time she was compelled to lie on her back immobile, and thereafter wore a steel brace for an additional period of more than 2% years. A reading of the record will fully disclose the complete nature of the injuries sustained.
Bearing in mind the aforementioned undisputed injuries and the resulting disability, and plaintiff’s expenses for hospitalization, physicians’ services and brace, approximating $3,600, the court is of the opinion that the sum of $4,000 awarded by the jury upon the first cause of action was against the weight of the credible evidence as to the amount of the damages and is grossly inadequate. Under the circumstances, the court is not only vested with the power but it has the duty and it should not in this case hesitate to set it aside. The court, seeing plaintiff’s witnesses, hearing their testimony and being in the atmosphere of the trial, has the primary responsibility to supervise the reasonableness of the verdict. It has responsibilities as well as the jury (Civ. Prac. Act, § 549; Mann v. Hunt, 283 App. Div. 140; Cook v. Lewis, 285 App. Div. 1201; Kligman v. City of New York, 281 App. Div. 93).
*1043 In view of the said findings, the court has the alternative of setting aside the verdict and granting a new trial, unconditionally or conditionally. The power to impose conditions lies within the discretion of the court and the type of conditions imposed has from time to time varied. The sounder practice (O’Connor v. Papertsian, 309 N. Y. 465; Carrousseaux v. City of New York, 127 N. Y. S. 2d 761) would seem to be to set aside the verdict and grant a new trial unless plaintiff and defendant stipulate to a recovery in a fair and equitable amount as fixed by the court. This would permit the parties an opportunity to dispose of the case, put an end to litig’ation (here — there have been two previous mistrials), and preclude appeals by either or both parties as well as reduce the congested trial calendars by obviating the necessity for a new trial.
Accordingly, the action is ordered severed so that plaintiff may enter judgment upon the verdict rendered on the second cause of action (see Gilbert v. Stanton Brewery, 295 N. Y. 270; Estabrook v. Nacken, 264 App. Div. 883, and cases cited therein), and the motion to set aside the verdict rendered on the first cause of action in the sum of $4,000 because of inadequacy is granted, and the cause is remitted to the head of the Day Calendar at Trial Term, Part I, on June 2, 1958, for retrial, subject to such calendar disposition as the justice presiding may determine to be proper, unless plaintiff and defendant stipulate and agree within 10 days after the entry of an appropriate order hereon, that plaintiff recover the sum of $15,000, as damages, in which latter event, the motion is denied. A copy of this order shall be served on the calendar clerk within three days after the entry thereof.
Settle order on notice.