Benjamin, J.
(concurring). I agree that the judgment should be reversed but do not agree that the verdict should be reinstated. In my opinion there should .be a new trial to determine if evidence of a contract of bailment existed as to the specific personal property claimed to have been left in plaintiff’s car. The evidence pertaining thereto presented on the trial was insufficient to sustain a verdict in plaintiff’s favor.
The action of the Trial Justice in setting aside the verdict was proper and should not be disturbed. He saw and heard the witnesses. It was his duty to supervise the reasonableness of the jury’s verdict (Schied v. Davey Tree Expert Co., 2 A D 2d 926).
In Mann v. Hunt (283 App. Div. 140, 141-142) the court said: ‘ ‘ A court which reviews the weight of evidence as well as the law * * * must approach an appeal from a decision by a trial judge setting aside a verdict in the light of the nature of the duty and the subtle and not easily definable measure of responsibility which the judge exercises in decision.
££ The duty of the judge to supervise the reasonableness of the verdicts returned to him ought to be viewed liberally on appeal because the independence of mind with which that duty is exercised is ingredient to the sound health of the judicial process. (Lipshitz, v. Sloan, 280 App. Div. 855.)
££ Even if the judges who look at the case on appeal would not themselves have set the verdict aside had they acted in the first instance, they should not find in this alone a ground for reversal. If the case comes within the area within which judicial interference would not be regarded by the profession as unreasonable, the exercise of the power thus to deal with the verdict ought to be upheld.”
Plaintiff’s testimony falls far short of establishing a meeting of the minds with respect to a bailment of his personal belongings. He swore that, after ascertaining that the charges for dead storage of his car would be $18 per month, he asked if it *647 would be all right to leave some things in the back of his car, was told that it would be and that they would be taken care of. Thereafter he brought his car to defendant’s garage for storage. At no time prior to the claimed loss of these personal effects did plaintiff apprise the defendant of the nature, quantity or value of the articles he said he left in the car or for that matter as to their actual presence in the car when it was delivered to defendant’s garage, and although plaintiff visited the garage four or five times during the 13 months in which the car was stored, he never looked into the trunk or the interior of the ear to inspect or examine his belongings.
Upon this meager evidence it' cannot be said that the defendant assumed the obligation of a bailee with respect to these articles. Moreover, even if it be assumed that defendant was aware of the presence of plaintiff’s property in the car, defendant, at best, would be a gratuitous bailee since no charge was exacted for the storage of this personal property. In such event defendant is liable only for gross negligence (Siegel v. Spear & Co., 234 N. Y. 479), and the proof does not show that this defendant failed to exercise the slight care required under such a bailment. In effect, the trial court charged that the defendant had the duty to use reasonable care. Although no specific exception was taken to such charge, in the interests of substantial justice it affords a proper basis for a new trial.
The judgment should be reversed and a new trial ordered in the interests of substantial justice.
Pette, J., concurs with Dx Gtiovanna, J.; Benjamin, J., concurs in the reversal but votes for a new trial in a separate opinion.
Judgment reversed on the law and facts, with $30 costs to plaintiff, verdict reinstated and judgment directed to be entered thereon in plaintiff’s favor, with appropriate costs incurred below.