◼ IRMGARD A. REGA et al., Respondents, v. PAUL FARLEY, Appellant.— Appeal from an order of the Supreme Court entered in Rensselaer County, which set aside a verdict of no cause of action and directed a new trial of a negligence action arising out of an accident which occurred when the automobile in which plaintiff wife was a passenger and which was proceeding southerly on Winter Street Extension, a two-lane highway just outside the City of Troy, was in a head-on collision, of some considerable force and upon the southbound lane, with defendant's automobile which, after proceeding northerly in a line of northbound traffic, crossed to the southbound lane when the car immediately ahead of it came to a stop. Defendant testified that his car skidded on a patch of ice as he applied his brakes when the car ahead stopped, at which time he was proceeding at 15 to 20 miles per hour and approximately two car lengths to the rear. However, while still on direct examination by his own attorney, he also testified, "Well, frankly, I don't know what happened * * * things happened so fast I don't know exactly what happened"; and indicated, further, some doubt as to his own judgment of speed and distance. Although he said, "I saw the car in front of me stop and I slammed the brakes on", he had previously volunteered, in response to his attorney's question as to speed, that "we started up again, and then all of a sudden we got at that point in the road there, all I saw was the car in front of me stopped." Finally, on cross-examination, defendant conceded that on a pretrial examination he testified that he was following the car ahead by approximately two car lengths and that he did not see it stop. The trial court correctly defined the "decisive issue" as "whether the skidding was attributable solely to the slippery condition of the highway or was a mere incident resulting from the failure of the defendant to observe the stopped car in time to avoid the skid"; and thereupon held that

the "irreconcilable conflict" between defendant's statements as to his observation of the car ahead, "coupled with his unequivocal statements of lack of knowledge of the manner in which the accident happened * * * undermines verdicts manifestly based on the conclusion that the defendant used due care in the circumstances and that skidding was the sole proximate cause of the accident." The decision rendered was within the bounds of the supervision and discretion committed to the Trial Justice. "Having himself heard the facts developed from the witnesses and sensed the atmosphere and texture of the trial, he had the duty of maintaining reasonable consistency between the weight of evidence and the verdict reached." (*Mann* v. *Hunt*, 283 App. Div. 140, 142.) Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.