Froessel, J. (dissenting).
In this personal injury action to recover damages for the total loss of plaintiff’s left eye, caused *100 by several flying pieces of concrete as he and his wife lawfully drove past the site of defendant’s demolition and construction operations, the jury, by a vote of 10 to 2, returned a verdict for defendant. The Trial Judge, in the exercise of the broad powers vested in him by section 549 of the Civil Practice Act, granted plaintiff’s motion to set aside the verdict as contrary to the evidence, and in the interest of justice, and ordered a new trial.
A reading of the record in this case demonstrates most clearly that the Trial Judge properly exercised his powers, and that the order for a new trial was reasonably grounded. It was, therefore, error for the Appellate Division to reverse and reinstate the jury verdict contrary to the test in such cases established by all of the Appellate Divisions of this State (Kligman v. City of New York, 281 App. Div. 93, 94 [1st Dept.]; Serwer v. Serwer, 71 App. Div. 415, 417 [2d Dept.]; Mann v. Hunt, 283 App. Div. 140 [3d Dept.]; Cook v. Lewis, 285 App. Div. 1201 [3d Dept]; Lund v. Spencer, 42 App. Div. 543, 544 [4th Dept.]). That test was succinctly stated by Justice Bergart in Mann v. Hunt (supra, p. 142), where a defendant’s verdict was set aside despite the presence of a “ clear-cut question of fact “ the case lies well within the area of the judge’s power to set the verdict aside in the supervision of the jury’s work before him. Having himself heard the facts developed from the witnesses and sensed the atmosphere and texture of the trial, he had the duty of maintaining reasonable consistency between the weight of the evidence and the verdict reached. Appellwnt has not demonstrated, as he is bound to do to have a reversal, that the order for a new trial ivas not reasonably grounded.” (Emphasis supplied.)
For the Appellate Division to say that there was a “ clear-cut question of fact ” is not decisive, for, as we stated in McDonald v. Metropolitan St. Ry. Co. (167 N. Y. 66, 69), “in many cases, even where the evidence is sufficient to sustain it, a verdict may be properly set aside and a new trial ordered ”. Moreover, the Appellate Division erred when it stated that the Trial Justice substituted his judgment for that of the jury. He of course did no such thing. Under the very broad powers conferred upon him by statute, and for sound reasons, he set aside the verdict and ordered a new trial, for submission of the facts to another jury, ‘ ‘ not in denial but in recognition of the *101 principle that the jury are the ultimate judges of the facts” (Post v. Kerwin, 150 App. Div. 321, 322).
Inasmuch as the Trial Justice clearly acted within his powers, the Appellate Division in reversing exceeded the bounds of discretion according to its own previously established standards. As Cohen and Karger put it in their “ Powers of the New York Court of Appeals ” (p. 619), “ whenever a discretionary remedy is in issue [as in the judgment under review], there is a question that may be urged before the Court of Appeals: whether the bounds of discretion were exceeded. The Court cannot escape this argument whenever it is made, and the argument can be made in every case which presents an issue that is discretionary in the 1 judicial ’ sense.”
I am also of the opinion that the court erred in excluding Officer Baldini’s testimony as well as the notations in his notebook concerning a prior incident, and the report concerning said incident submitted to Brown & Blauvelt, the consulting engineers. When Baldini was asked what to his knowledge occurred with respect to the prior incident, he was not permitted to answer. The question was relevant on the issue of defendant’s prior notice of a dangerous condition. Similarly, the admissibility of the memorandum book notation of this incident could not properly be passed upon in the absence of the officer’s testimony as to whether the notation was based upon his own knowledge or upon what third persons had told him. With respect to the accident report filed with the consulting engineers, it was their duty to supervise the construction, including the taking of precautionary measures in situations where there was a ‘£ possibility of people getting hurt ’ ’. To perform this duty it was necessary for them to have reports of any accidents which occurred in connection with the construction operations. Without such reports they would be unable to ascertain the cause of the accident and devise means of preventing its recurrence; thus £ it was made in the regular course of ” business, and ££ it was the regular course of such business to make such memorandum or record at the time of such act ” (Civ. Prac. Act, § 374-a). Respondent now states that the proof concerning defendant’s knowledge of the hazard to motorists was practically conceded, but no such concession was made at the trial, and, though there was other evidence in that respect, the exclusion of this evidence may well have prejudiced plaintiff.
*102 Accordingly, I would reverse the judgment appealed from and direct that the order of Trial Term be reinstated.
Judges Dye, Fuld, Van Voorhis, Burke and Foster concur with Chief Judge Desmond; Judge Froessel dissents in an opinion.
Judgment affirmed.