■ HELEN HUSSEY, Respondent, v. ONEIDA MOTOR FREIGHT, INC., et al., Appellants. (Action No. 1.) ALFRED T. HUSSEY, Appellant, v. ONEIDA MOTOR FREIGHT, INC., et al., Respondents. (Action No. 2.) — REYNOLDS, J. Appeals from an order of the Supreme Court, Chemung County granting plaintiff Helen Hussey's motion for a new trial pursuant to CPLR 4404 and from an order of the same court denying plaintiff Alfred T. Hussey's motion for a new trial made on the same grounds. Helen Hussey was allegedly injured when a car in which she was a passenger was struck while parked at a traffic light by a tractor-trailer owned by the defendant Kiryluk, leased to defendant Oneida Motor Freight and operated by defendant Sanauskas. The jury returned a verdict against the defendants in favor of Helen Hussey in the amount of $2,500 and in favor of her husband Alfred T. Hussey in his derivative suit in the amount of $5,000. Both plaintiffs moved for a new trial on the ground that the verdicts were inadequate. The trial court granted the motion of Helen Hussey and denied that of her husband and the instant appeals ensued. This court in reviewing a Trial Judge's determination to set aside a verdict that is assertedly too high or too low must view such decision liberally and "in the light of the nature of the duty and the subtle and not easily definable measure of responsibility which the judge exercises in decision." (*Mann v. Hunt*, 283 App. Div. 140, 141.) It is thus only where an appellate court can say that the Trial Judge's order is not reasonably grounded that a reversal of the Trial Judge's exercise of discretion is mandated. Here the Trial Judge, who viewed the witnesses and heard their testimony, has rendered a detailed and well reasoned decision in support of his determination and we see no reason advanced to disturb the same. Orders affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Reynolds, J.