■ STANLEY CHODANIONEK, Respondent, v. PAUL WASSERSTEIN et al., Appellants.— GIBSON, P. J. Appeal by defendants from a judgment of the Supreme Court entered upon a verdict in favor of plaintiff in a personal injury negligence action. Plaintiff, just before he was struck by defendants' automobile, was walking in a northerly direction on the lane for southbound vehicular traffic on a relatively straight stretch of a State highway. The west shoulder was some eight feet wide. Defendant operator was proceeding southerly in the southbound lane. The point of impact was not conclusively demonstrated. With respect to plaintiff's obligations as a pedestrian, the trial court properly charged, among other things, the provisions of subdivision (b) of section 1156 of the Vehicle and Traffic Law, including the requirement that: "Upon the approach of any vehicle from the opposite direction, such pedestrian shall move as far to the left as is practicable." There was ample warrant for the jury's finding of defendants' negligence. There was also, however, seemingly credible testimony by disinterested witnesses that plaintiff was intoxicated and some proof that he was staggering. He had no recollection of the accident, the medical reason for his amnesia not appearing, and he could not or at least did not counter the damaging evidence suggesting contributory negligence on his part. Plaintiff did not sustain the burden of proving that he was free from contributory negligence and as respects that issue the verdict was contrary to the weight of the evidence. There is nothing in this memorandum supportive of Justice Herlihy's statement that the "majority is attempting to establish" a "narrow rule as to contributory negligence"; and nothing, certainly, to support the statement that our holding is that since plaintiff did not counter the evidence against him he "therefore", and "as a matter of law", failed to sustain his burden. On the contrary, our holding relates solely to the weight of the evidence and accordingly a new trial, rather than dismissal, is ordered. Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Gibson, P. J., Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum by Gibson, P. J. Herlihy, J., dissents and votes to affirm in the following memorandum: Herlihy, J. (dissenting). The narrow rule as to contributory negligence which the majority is attempting to establish in this case is contrary to the present day decisional law. The majority takes the position that "he [plaintiff] could not or at least did not counter the damaging evidence suggesting contributory negligence on his part" and, therefore, he has not sustained the burden of proving freedom from contributory negligence. The court is deciding, as a matter of law, a tenuous question which was within the province of the jury. The court and jury observed the witnesses and from the present record it would not have been difficult for the jury to find that the negligence of the defendants was the sole cause of the accident, i.e., Orwat v. Kawecki (22 N Y 2d 869). The case was tried before an experienced and competent Trial Judge; there were no exceptions to the charge and the request to charge by the defendants was granted. Under the circumstances, the judgment should be affirmed. (See Mann v. Hunt, 283 App. Div. 140, 142.)