■ TIMOTHY SHEEHAN, Respondent, v CITY OF NEW YORK et al., Appellants. (Action No. 1.) WALTER NOVAK, JR., Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, CITY OF NEW YORK et al., Appellants. (Action No. 2.)—Order, Supreme Court, Bronx County, entered June 3, 1974, in Action No. 1, and judgment of said court entered June 13, 1974, in Action No. 2, reversed, on the law, and the judgment vacated, without costs and without disbursements, the jury verdicts reinstated and judgments directed to be entered thereon. In these two actions, the City of New York and its Department of Sanitation truck driver (Loria) involved in this incident appeal from (a) an order setting aside a jury verdict in favor of the said defendants in Action No. 1 wherein the plaintiff (Sheehan) is the bus driver employee of the Manhattan and Bronx Surface Transit Operating Authority (MABSTOA); and (b) a judgment in Action No. 2 granting the motion of defendants MABSTOA and Sheehan to set aside as against them the verdict against all the defendants (which includes the City of New York and Loria) in the amount of $50,000, and which apportioned to MABSTOA and Sheehan 40% of the responsibility. It should be noted at the outset that the city and Loria do not contest their liability to Mr. Novak, a bus passenger and the plaintiff in Action No. 2, or the amount of damages awarded to him by the jury, but are concerned only with the judgment setting aside the determination as against their codefendants. The issues in these two cases were tried jointly before a jury, and the actions arose out of a collision between a sanitation truck and a bus. The bus was driven east on 138th Street in the Bronx, with a moderate downgrade toward the intersec-

tion with Jackson Avenue, where there is a designated bus stop just before the intersection. The bus driver testified that there were cars parked at the bus stop so he could not pull in when he stopped at the corner. His version was disputed. The sanitation truck driver testified that his brakes did not hold although he was going slowly, and as a result he hit the back of the bus. The trial court in setting aside the verdict which apportioned 40% of the responsibility to the bus driver with respect to the passenger's damage claim, and in setting aside the verdict of the jury in favor of the city and its truck driver insofar as the bus driver's claim against them was concerned, invaded the province of the jury, which had properly determined from the facts adduced in a lengthy trial that both the bus driver and the truck driver were negligent. Concur—Kupferman, J. P., Lupiano and Tilzer, JJ.; Lane and Nunez, JJ., dissent in the following memorandum by Nunez, J.: Nunez, J. (dissenting). I would affirm the trial court's order setting aside the verdict against the bus driver and his employer and directing a new trial. The accident was caused solely by the truck driver's failure to stop his vehicle before running into the rear of the bus driven by plaintiff Sheehan. That the bus was standing some distance from the curb was not the proximate cause of the accident. The verdict was clearly against the weight of the evidence and was properly set aside by the Trial Justice in the exercise of his duty to supervise the reasonableness of the verdicts returned to him. We should review his actions liberally and uphold them even though we would not ourselves have set the verdict aside had we acted in the first instance. "Having himself heard the facts developed from the witnesses and sensed the atmosphere and texture of the trial, he had the duty of maintaining reasonable consistency between the weight of evidence and the verdict reached." *(Mann v Hunt,* 283 App Div 140, 141–142; see, also, *Lipshitz v Sloan,* 280 App Div 855; *People v Ramos,* 33 AD2d 344, 346–347; and *Rega v Farley,* 13 AD2d 860).