■ JOHN SHRAMKO, Respondent, and AMELIA SHRAMKO, Appellant, v HILLS WRECKING CORP., Appellant-Respondent.—Judgment, Supreme Court, New York County, entered June 30, 1975, unanimously reversed, on the law, and the case remanded for trial anew, with $60 costs and disbursements of this appeal to abide the event. Plaintiff-respondent was a building inspector who was injured in premises said to have been under demolition. Whether that work had actually been commenced was a factual issue, the determination of which would have been a factor in attaching liability to defendant-appellant. There was also a question as to whether defendant's employee was negligent in bringing plaintiff into the structure. These questions never went to the jury, the court having cut the trial short on a showing of some industrial code violations allegedly committed by defendant, and directing a verdict for plaintiff on liability. This was error. (See *Conte v Large Scale Development Corp.,* 10 NY2d 20.) A new trial is therefore required. Plaintiff-appellant wife filed a notice of appeal from dismissal of her derivative cause, but this was the last mention made of that appeal; it was neither briefed, argued, nor otherwise pursued. It is deemed abandoned. Concur—Markewich, J. P., Kupferman, Lupiano, Capozzoli and Nunez, JJ.

■ ALFRED NAU, Respondent, v CARMINE FERRANTE, as Administrator of the Estate of DAVID STEVENSON, Deceased, Appellant.—Order, Supreme Court, New York County, entered June 20, 1975, granting plaintiff's motion for an order setting aside the jury's verdict in favor of the defendant, and remanding for a new trial, unanimously affirmed, with $60 costs and disbursements of this appeal to respondent. The decedent, seemingly annoyed because his passenger friend, the plaintiff, was late in arriving at the car, lost control of his automobile and crashed, killing himself and injuring the plaintiff. It appears that the defense, by the administrator of decedent's estate, was to be that the defendant had heart failure and was not negligent. As part of the plaintiff's case, his own entire hospital record was entered in evidence with the understanding that entries not necessary for diagnosis and treatment were to be kept from the jury. However, portions were referred to by counsel for the defendant in order to show that plaintiff believed that the decedent had heart trouble. The Trial Judge, recognizing that this reference may have been prejudicial and also concerned about his own ruling in rejecting the plaintiff's offer of a certified copy of the Medical Examiner's autopsy report to rebut the defense of heart attack, and about his charge with respect to possible contributory negligence on the part of the plaintiff, set aside the jury verdict for the defendant and remanded for a retrial. (CPLR 4404.) This determination, in view of the circumstances, was within the area of his discretion. *(Mann v Hunt,* 283 App Div 140.) A certified copy (CPLR 4518, subd [c]) of the autopsy report should have been admitted. (See *Hayes v City of New York,* 23 AD2d 832; *O'Malley v City of New York,* 16 AD2d 942.) Further, there was no basis in the record to justify a finding of contributory negligence on plaintiff's part, and the Trial Judge correctly concluded that his surmise, that the plaintiff had consented to a charge which included the possibility of contributory negligence, was in error. Concur—Markewich, J. P., Kupferman, Lupiano, Capozzoli and Nunez, JJ.