■ TIMOTHY SHEEHAN, Respondent, v CITY OF NEW YORK et al., Appellants. (Action No. 1.) WALTER NOVAK, JR., Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, and CITY OF NEW YORK et al., Appellants (Action No. 2.)—Upon remittitur from the Court of Appeals, order, Supreme Court, Bronx County, entered June 3, 1974, directing that a jury verdict in favor of the defendants be set aside in Action No. 1, unanimously modified, on the law, without costs and without disbursements, so as to grant the motion of plaintiff Sheehan for a directed verdict on liability in Action No. 1; and judgment of said court entered on June 13, 1974, setting aside the jury verdict against Manhattan and Bronx Surface Transit Operating Authority (MABSTOA) and Timothy Sheehan in Action No. 2, unanimously modified, on the law, without costs and without disbursements, so that plaintiff Novak's complaint against MABSTOA and Sheehan is dismissed in Action No. 2. Involved here are two appeals in two separate personal injury actions arising out of the same collision, which were tried together before one jury, the second action brought by Novak, a passenger on the bus, against the owners and operators of both the bus and the sanitation truck that hit the bus in the rear, and the first action

brought by the bus driver Sheehan against the City of New York and the Department of Sanitation truck driver Loria. The facts are set forth both in the previous action of this court (49 AD2d 530), and the opinion of the Court of Appeals (40 NY2d 496 [Fuchsberg, J]). The jury brought in a verdict against both drivers and owners in the Novak case, apportioning negligence between the defendants under *Dole v Dow Chem. Co.* (30 NY2d 143), and in accordance therewith decided against Sheehan in his suit against the city and Loria. This court, 3 to 2, reversed, and the jury verdicts were reinstated. There was no objection by the city and Loria to the verdict on their liability to Novak, and their appeal to this court involved only the judgment of the trial court setting aside the determination against MABSTOA and the bus driver Sheehan and ordering a new trial. In the Court of Appeals it was determined *(supra,* p 504): "Novak's complaint against MABSTOA and Sheehan should therefore have been dismissed before the cases went to the jury, and a verdict on the issue of liability should then have been directed in favor of Sheehan in his affirmative case." The trial court granted the motions after the verdict on the basis of lack of negligence and directed a new trial. The Court of Appeals' determination was on the ground of proximate cause, and in accordance therewith, we modify on the law. Concur—Kupferman, J. P., Lupiano, Lane, and Nunez, JJ.