■ THOMAS PICKARD, Appellant, v OTTO KOENIGSTREUTER, Appellant, and MARTIN H. VAN BUREN, Respondent. (Action No. 1.) MARTIN H. VAN BUREN et al., Respondents, v OTTO KOENIGSTREUTER, Appellant. (Action No. 2.)—Appeals from an order of the Supreme Court, entered April 7, 1978 in Albany County, setting aside verdicts rendered at a Trial Term in favor of plaintiff in Action No. 1 and in favor of defendant in Action No. 2, the actions having been previously consolidated, and directing a new trial. On July 18, 1974, an automobile driven by Martin Van Buren was involved in an accident with an automobile driven by Otto Koenigstreuter near the intersection of Routes 146 and 158 in Altamont, New York. It is undisputed that the accident occurred when Koenigstreuter's vehicle attempted to make a left turn from Route 146 onto Route 158 and collided with Van Buren's car which was proceeding in the opposite direction on Route 146. As a result of the accident, both Van Buren and Thomas Pickard, who was a passenger in Van Buren's vehicle, suffered injuries for which they sued. The actions were consolidated and, following a trial, the jury returned a verdict in Action No. 1 of $80,000 solely against Van Buren and a verdict in Action No. 2 of no cause of action against Koenigstreuter. The trial court, upon motion, set aside these verdicts on the ground that they were against the weight of the evidence and ordered new trials in both actions. Pickard and Koenigstreuter appeal from the order entered on this decision. They argue that the verdicts finding Van Buren solely liable and Koenigstreuter not guilty of negligence were not contrary to the weight of the evidence and that the court erred in setting the verdicts aside. In addition, Pickard claims that at most the court should have ordered a new trial on the issue of liability and sustained the jury's verdict on damages. Pursuant to CPLR 4404 (subd [a]), a trial court may set aside a verdict and order a new trial where the verdict is against the weight of the evidence. This power is discretionary in nature *(Micallef v Miehle Co., Div. of Miehle-Goss Dexter,* 39 NY2d 376) and the exercise of that discretion by a trial court in ordering a new trial should not be disturbed unless found to be unreasonable *(McDowell v Di Pronio,* 52 AD2d 749; *Hussey v Oneida Motor Frgt.,* 30 AD2d 741; *Mann v Hunt,* 283 App Div 140, 142). In the instant case, the decision by the trial court that the jury verdicts exonerating Koenigstreuter were against the weight of the evidence was reasonably grounded. Koenigstreuter himself testified that he had an unobstructed view of the oncoming lane for a distance of 150 feet but did not see Van Buren's car until it was 30 feet away and he had begun to make the left turn. Since Koenigstreuter had a duty to yield the right of way to any oncoming vehicle (Vehicle and Traffic Law, § 1141) and was bound to see what, with the proper use of his senses, he should have seen *(Weigand v United Traction Co.,* 221 NY 39; *Tenczar v Milligan,* 47 AD2d 773, mot for lv to app den 36 NY2d 645), his testimony that he first observed Van Buren's vehicle 30 feet away from him when he began to make his turn constitutes an admission that he violated

the Vehicle and Traffic Law by making a left turn without carefully looking down the highway. There also appeared in the record evidence indicating that Van Buren may have been negligent in operating his automobile at an excessive rate of speed. Whether or not the accident occurred as the result of the negligence of both Van Buren and Koenigstreuter or Koenigstreuter alone should not be determined by this court, but surely a finding that it occurred solely as the result of Van Buren's negligence is contrary to the weight of the evidence. However, while the trial court correctly exercised its discretion in determining that the jury verdicts were contrary to the weight of the evidence, a new trial should have been ordered as to Pickard on the issue of liability only. There is both statutory (CPLR 4404, subd [a]) and decisional authority *(La Rocco v Penn Cent. Transp. Co.,* 29 NY2d 666; *Brennan v Felter,* 48 AD2d 846) for the trial court to order a new trial only on the issue of liability. Neither defendant in the first action claims that the award was excessive. Indeed, Pickard's damages were substantial. He sustained a permanent scar on his arm, lost some mobility in the arm, contracted osteomyelitis, underwent three operations, was out of work for 18 months, and is no longer able to do the work he did before. The trial court itself stated that the award was not excessive and was supported by medical testimony. Accordingly, the $80,000 award should be held in abeyance and only the issue of liability should be retried (cf. *Barry v Manglass,* 55 AD2d 1, 13). Order modified, on the law, by deleting so much thereof as requires the issue of Thomas Pickard's damages be retried and substituting therefor a provision that the award of $80,000 in Action No. 1 be held in abeyance pending the trial on liability, and, as so modified, affirmed, with costs to appellant Thomas Pickard. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Mikoll, JJ., concur.