■ JOANN FARDYS, Respondent, v LOUIS URBINATI, Appellant, and EDWARD T. McGUIRE et al., Respondents. — Order, Supreme Court, Bronx County, entered July 17, 1979, which granted plaintiff a new trial on the issue of damages, but denied the joint request of plaintiff and defendant Louis Urbinati, Jr., for a new trial on the issue of the liability of the remaining defendants, unanimously modified, on the law, and in the exercise of discretion, to the extent of directing a new trial on the issue of liability also, and as so modified, affirmed, with costs and disbursements to abide the event. The jury awarded plaintiff $31,296, finding that the driver of the taxi (defendant Urbinati), in which plaintiff was a passenger, was solely at fault. The driver of the other vehicle, Freeman (which vehicle is owned by defendant McGuire) was thus absolved of liability. However, inexplicably the jury made no award for loss of future earnings. This two-car intersection accident occurred while Freeman was endeavoring to execute a left-hand turn from the southbound lane while the taxi was approaching in a northbound lane. The accident occurred in the northbound lane, and the record raises a genuine question as to the negligence of Freeman. Under the circumstances presented by the record herein, the jury verdict appears to be a compromise and, in totally exonerating defendant Freeman, appears to be against the weight of the evidence (see *Pickard v Koenigstreuter*, 70 AD2d 693). Accordingly, a new trial for all purposes is warranted. Concur — Sandler, J. P., Sullivan, Markewich, Lupiano and Silverman, JJ.

■ HOLMES AMBULANCE SERVICE CORP., Respondent, v JACK WOODS et al., Appellants, et al., Defendant. — "Intermediate judgment", Supreme Court, New York County, entered June 9, 1980, on grant of plaintiff's motion for summary judgment, is unanimously modified, on the law, to the extent of reversing and vacating said judgment *in toto* as against defendants-appellants Woods and Taylor, and the judgment is otherwise affirmed, without costs. Although the papers leave much to be desired, there are triable issues of fact (a) as to whether the contract was altered as to the term of the restrictive covenant and (b) as to the reasonableness of the scope of the restrictive covenant. Concur — Sandler, J. P., Sullivan, Markewich, Lupiano and Silverman, JJ.