■ HELEN M. TOZER, Respondent, v DIANE TOUCHTON et al., Appellants. — Appeals from an order of the Supreme Court at Trial Term (Ford, J.), entered October 28, 1981 in Saratoga County, which (1) granted plaintiff's motion to set aside a verdict of no cause of action in favor of defendant Diane Touchton, (2) granted plaintiff's motion to set aside a jury verdict awarding $4,000 damages against defendant Stewart's Ice Cream Co., Inc., and (3) ordered a new trial as to each defendant and restored the case to the calendar. Plaintiff sued both defendants seeking money damages for personal injuries she allegedly sustained as a result of the negligence of defendants when she fell in a store owned by defendant Stewart's Ice Cream Co., Inc. (Stewart's). The jury

returned a verdict in the amount of $8,000 in favor of plaintiff reduced by 50% upon a finding of contributory negligence on the part of plaintiff against Stewart's. It found no cause of action in favor of defendant Diane Touchton. On plaintiff's posttrial motion, the trial court set aside the verdict of no cause of action as being against the weight of the evidence, and further concluded that because contribution was involved between the defendants, a new trial must be directed. The court then set aside the verdict as to each defendant and ordered a new trial as to both liability and damages, stating that it did not reach the issue of whether the damages were inadequate. These appeals ensued. Defendant Touchton challenges the setting aside of the verdict on the ground there was sufficient evidence presented to permit the jury to find, as they did, that Touchton was not negligent and thus not liable for plaintiff's injuries. Touchton also argues that, if a new trial is allowed, it should not include damages but should be held only to apportion liability. Defendant Stewart's and plaintiff both contend that the trial court properly ruled that the verdict against Touchton should be set aside. Stewart's, however, agrees with the position of defendant Touchton that any new trial should be held on the issue of liability only and further argues that the trial court should have granted its motion to dismiss the cause of action against it following the closing of the evidence. Plaintiff maintains that the trial court properly ordered a new trial as to both damages and liability. The order should be affirmed. There was no question that defendant Touchton placed the milk carton on the floor, one to three feet from the checkout counter, and left it there while she went to the back of the store to get several dozen eggs. There was testimony that while the 79-year-old plaintiff was still on the floor after her fall, defendant Touchton said, "I should have known better." Defendant had room to place the full milk carton, which weighed about 24 pounds, on the counter or elsewhere on the floor out of the path of customers using the checkout counter. The negligence of defendant Stewart's was also amply proven. Upon the facts established in this case, the verdict of the jury finding defendant Touchton not negligent was inconsistent with the jury's finding of negligence on the part of defendant Stewart's. Consequently, the order of the trial court directing a new trial as to liability and damages is in all respects reasonable and proper in these circumstances (CPLR 4404, subd [a]; see *Pickard v Koenigstreuter,* 70 AD2d 693; *Hussey v Oneida Motor Frgt.,* 30 AD2d 741; *Mann v Hunt,* 283 App Div 140). Defendant Stewart's motion to dismiss the cause of action against it, made at the close of all the evidence, was properly denied by the trial court. Order affirmed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.