John Sammatano, Respondent, v. Brooklyn and Queens Transit Corporation, as Successor to Brooklyn, Queens County and Suburban Railroad Company, Appellant. (Appeal No. 2.) — Order striking out the separate defense contained in defendant's answer reversed on the law, with ten dollars costs and disbursements and motion denied, with ten dollars costs. In the circumstances here shown, the defendant should be permitted to avail itself of the Statute of Limitations as a defense if on the trial it is warranted by the facts disclosed. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

Oscar C. Seebass, Respondent, v. Calvin T. Graves, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ.

Edna Solkey and Louis Solkey, Respondents, v. Oscar Beyer, Appellant.— Order setting aside the verdict of the jury in favor of the defendant reversed on the law and the facts, motion denied and verdict reinstated, costs to the appellant. The setting aside of the verdict for the defendant was improvident. In a negligence case the setting aside of a verdict for a defendant as against the weight of evidence is not justified " unless it can be plainly seen that the preponderance in favor of the plaintiff is so great that the jury could not have reached the conclusion they did upon any fair interpretation of the evidence." (*Mieuli* v. *New York & Queens County Railway Co.*, 136 App. Div. 373, 375.) That is not the situation in this case; hence the verdict should not have been disturbed. Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur.

Louis Spolter, Appellant, and Samuel Moverman, Plaintiff, v. Isidore Weinbaum, Respondent.— Order confirming report of official referee and directing payment by receivers unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ.

Caroline Von Der Lin and Simon J. Von Der Lin, Respondents, v. Corn Exchange Bank Trust Company, as Executor, etc., of Karl, Also Known as Carl, Heidinger, Deceased, Appellant.— Order amending summons by joining plaintiff's husband as a party plaintiff, permitting service of an amended complaint and requiring defendant to plead thereto without prejudice to the position of the action on the calendar, reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Simon Von Der Lin, not having commenced suit on his verified claim against the estate within three months after its rejection by the defendant, executor, cannot have his time within which to sue extended by being added as a party plaintiff in a suit instituted by his wife on the same claim, though brought within three months' time of the rejection by the executor of the decedent of his own claim covering the same subject-matter. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

Water Front Development Corporation, Respondent, v. Fasinate Holding Co., Inc., Appellant.— Judgment unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ.

James G. Wilson, Respondent, v. Tully & DiNapoli, Inc., Appellant. Tully & DiNapoli, Inc., Appellant, v. Martha M. Freeborn, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ.