MARY RUBINSTEIN, Respondent, v. BERTHA RUBINSTEIN, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Stay granted until the granting or final refusal by the Court of Appeals of leave to appeal. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

HARRY SALTZMAN, Appellant, v. HENRY NEUMAN and Another, Respondents.— Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

JOHN SMITH, Respondent, v. MAURICE SIMMONS, as Property Clerk of the Police Department of the City of New York, Appellant.— Motion for leave to appeal to the Appellate Division granted. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

J. M. BYRNE, Respondent, v. LUDOWICI-CELADON COMPANY, Appellant.— Defendant appeals from an order granting in part plaintiff's motion for the examination of defendant before trial in order to frame a complaint. Order modified on the law and the facts by striking from the first ordering paragraph the words " granted to the extent hereinafter provided and otherwise," and by striking from said order everything following the word " denied " in said first ordering paragraph. As thus modified, the order, in so far as appealed from, is affirmed, with ten dollars costs and disbursements to appellant. Plaintiff has knowledge of the contract which he claims was made with defendant and has sufficient knowledge or information to enable him to state the facts constituting his cause of action and, therefore, the examination is unnecessary. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

MARY COLLINS, Respondent, v. THE CITY OF NEW YORK, Appellant.— Action to recover damages for personal injuries suffered by plaintiff in a fall on a sidewalk, claimed to have been caused by a snow and ice condition thereon. Order setting aside the verdict of a jury in favor of the defendant reversed on the law and the facts, motion denied, and verdict reinstated, with costs to the appellant. The setting aside of the verdict for the defendant may not be justified on the proof herein. The setting aside of a defendant's verdict in a tort case as against the weight of the evidence may not be justified " unless it can be plainly seen that the preponderance in favor of the plaintiff is so great that the jury could not have reached the conclusion they did upon any fair interpretation of the evidence." (Solkey v. Beyer, 238 App. Div. 809; Seltzer v. Coney Island & Gravesend R. Co., 237 id. 854; Taylor v. Teves, 243 id. 567; Dashnau v. City of Oswego, 204 id. 189, 192; Shepard v. Peck, 254 id. 421; Ferranti v. Vroman, 259 id. 782.) There were elements in the plaintiff's proof which the jury was free to consider in connection with defendant's proof in arriving at a finding against the plaintiff on either or both issues of negligence and contributory negligence. Under the rule applicable to defendants' verdicts in tort cases, the setting aside of this verdict was, in effect, a substitution of the conclusions of the trial court on the evidence for those reached by the jury. (Dashnau v. City of Oswego, supra.) Lazansky, P. J., Hagarty, Carswell, Adel and Tayor, JJ., concur.