■ ABE GERCHICK, Appellant, v. BERNARD MOORE et al., Respondents.—
In a negligence action to recover damages for injuries to person and property
arising out of a collision of two motor vehicles, plaintiff appeals from a judg-
ment of the Supreme Court, Nassau County, entered July 1, 1960, after a jury
trial, upon a verdict of $1,105 in favor of plaintiff against both defendants.
Plaintiff's main contention is that the verdict is inadequate. Judgment affirmed,
without costs. No opinion. Nolan, P. J., Ughetta, Kleinfeld, Christ and
Brennan, JJ., concur.

■ BERNICE GILBERT et al., Appellants, v. GENOVESE DRUG STORES, INC.,
Respondent.— In a negligence action, plaintiffs appeal from so much of an
order of the Supreme Court, Queens County, dated November 30, 1960, as
denied their motion for a preference in trial, pursuant to rule 9 of the Queens
County Supreme Court Rules. Order, insofar as appealed from, reversed, with-
out costs, and plaintiffs' motion for a preference granted. Under the facts and
circumstances presented in this record, it was an improvident exercise of dis-
cretion not to grant the preference in trial under rule 9. Nolan, P. J., Beldock,
Kleinfeld, Christ and Brennan, JJ., concur.

■ SEYMOUR GUTIN, Respondent, v. FRANK MASCALI & SONS, INC., Appel-
lant.— In a negligence action by plaintiff to recover damages for personal
injuries, defendant appeals: (a) from an order of the Supreme Court, Kings
County, dated February 2, 1960, which granted plaintiff's motion to set aside the
jury's verdict in favor of the defendant and which restored the action to the
calendar for a new trial; and (b) from the decision of the Trial Justice, upon
which the order appealed from was entered. Order reversed, without costs;
plaintiff's motion to set aside the jury's verdict in favor of the defendant denied;
and the jury's verdict in its favor reinstated. Appeal from decision dis-
missed; a decision is not appealable. While driving his automobile on East
River Drive, near 96th Street, in the Borough of Manhattan, City of New York,
on March 23, 1954, at 3:15 P.M., plaintiff was struck by a stone which came
through the left front open window of his automobile. As the result of his
injury, his left eye was removed. Defendant was charged with negligence in
that plaintiff was struck by flying pieces of concrete which were produced by
defendant's " balling " operations alongside the thoroughfare. Such operations
consisted of dropping a steel ball attached by a cable to the boom of a crane
onto concrete in order to crack it. Defendant contends that its proof established
that for some time prior to and at the time of the accident, the defendant's
crane was not engaged in " balling " concrete, but instead the crane had a
bucket attached to it and was being used for pouring fresh concrete in the con-
struction of a wall. The learned Trial Justice charged the jury that if they
found from the evidence that the crane was not being used for " balling " con-
crete at the time of the accident, the verdict must be for the defendant. In our
opinion, a clear-cut question of fact was involved. The record fails to disclose
any basis for permitting the Trial Justice to substitute his judgment for that of
the jury (Mieuli v. New York & Queens County Ry. Co., 136 App. Div. 373;
Solkey v. Beyer, 238 App. Div. 809; Voyes v. Kane, 240 App. Div. 710; Collins
v. City of New York, 263 App. Div. 893). Beldock, Acting P. J., Ughetta,
Kleinfeld, Christ and Brennan, JJ., concur. [22 Misc 2d 1038.]