█ HENRY NACHBAR, JR., Appellant, v. NEW YORK STATE THRUWAY AUTHORITY, Respondent. (Claim No. 46522.) — SWEENEY, J. Appeal by the claimant from a judgment of the Court of Claims, entered June 13, 1968, which dismissed his claim. On February 13, 1966 at about 1:15 P.M. claimant sustained personal injuries as the result of an automobile accident which occurred near mile post 30.8 on the New York State Thruway. It was raining and the road was wet. The visibility was about 200 feet. Traffic was moderate to heavy. Claimant-appellant was operating his vehicle in a southerly direction. There was a rock cut in the vicinity of the accident and a warning sign some 1,200 to 1,300 feet north of the beginning of the rock cut indicating a falling rock zone. On every other delineator within the rock cut area there was a legend " rock zone, no parking ". Claimant was familiar with the highway as he traveled it regularly each weekend. He testified he was in the center lane and traveling at a speed of 40–50 miles per hour; that he moved into the right lane preparatory to exit at Suffern when he saw a boulder about three feet high and three feet wide in the middle of the road approximately 40 feet in front of him; that he applied his brakes but was unable to stop and hit the

boulder. Only the liability issue was tried. The claimant had the burden of proving negligence on the part of the New York State Thruway and his own freedom from contributory negligence. The court found claimant's testimony as to the size of the boulder unbelievable. The court further found "the proof does not warrant the conclusion that he utilized sufficient prudence and caution in the operation of his car to minimize or counteract the effect of striking a rock in the highway." In other words, the court found that claimant failed to meet the burden of proving his freedom from contributory negligence. Whether the manner in which claimant was operating his vehicle under the existing conditions amounted to contributory negligence was a question of fact for the trial court to determine (*Tyrell* v. *State of New York*, 6 A D 2d 958; *Bruce* v. *State of New York*, 3 A D 2d 793), as was the question of credibility (*Foreman* v. *Foreman*, 251 N. Y. 237, 242; *Sheely* v. *Miller*, 23 A D 2d 950). Since the court found claimant's conduct was negligent we should not disturb this finding unless we conclude that the trier of the facts could not have reached its decision upon a fair interpretation of the evidence. (*Tyrell* v. *State of New York*, *supra*; *Collins* v. *City of New York*, 263 App. Div. 893.) Individuals differ as to what constitutes negligent operation of a motor vehicle. The trial court could reasonably infer in the instant case that driving at a speed of 40–50 miles per hour on a wet, rainy afternoon, with poor visibility, when the driver should have known that there was a danger of falling rocks in the area, constituted negligence under all of the circumstances. Consequently, we should not disturb this determination. Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.