■ JOHN FOLEY, Respondent, v. WILLIAM RODENBERG, Appellant.— GREEN-BLOTT, J. Appeal from a judgment of the Supreme Court, entered June 9, 1969 in Warren County, upon a verdict rendered at a Trial Term, in favor of plaintiff. The jury awarded respondent $7,500 for personal injuries suffered as the result of a motor vehicle accident which occurred January 29, 1965 on the New York State Thruway. Respondent was the driver of a tractor-trailer which was struck from behind. There is no merit to appellant's contention that it was not established that he was the driver of the vehicle which struck respondent. Respondent testified that he was pulled out of his overturned cab by the driver of the second vehicle. He later stated that this person was the appellant. Moreover, he testified that appellant was the only other person at the scene of the accident immediately thereafter. Appellant was also seen in the car of the State Trooper who investigated the accident. The record contains ample evidence upon which the jury could conclude that appellant's negligence was responsible for the accident. From the testimony, the jury could easily have concluded that the crash was caused by appellant's failure to remain a proper distance from respondent's vehicle. Since the appellant failed to testify or offer evidence in his behalf, there is no reason to deny the conclusiveness of the uncontradicted testimony of the respondent. (*Jensen* v. *Casale*, 22 A D 2d 994.) As a result of the substantial impact of the accident respondent suffered a reversal of the normal lordotic curve, a cervical sprain and a back sprain. Since that time he

has suffered from continued headaches, backache and a neck difficulty which causes him pain and restricts his ability to perform some of his normal work. A medical expert testified that respondent " definitely has some residual symptoms which  *  *  *  are causing him definite disability in terms of his work and activities  *  *  *  treatment [designed to relieve pain] is still indicated ". Appellant failed to produce any medical witnesses although his own doctor had examined respondent. If the jury accepted the uncontradicted medical testimony as to the injuries, the verdict would not be excessive. (*Becker* v. *Ginsberg*, 23 A D 2d 916.) Upon this record, and in light of the injuries sustained we cannot say that a verdict of $7,500 is excessive. Respondent's attorney revealed in his summation to the jury the amount of damages requested in the complaint. Assuming, *arguendo*, that this constituted error, it was harmless error and was promptly corrected by proper instructions from the court. Judgment affirmed, with costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.