■ C. A. TERPENING TRUCKING Co., INC., Respondent, v. CITY OF FULTON et al., Appellants. (Appeal No. 1.) — Judgment reversed and new trial granted, with costs to abide the event. Memorandum: The owners of both vehicles involved in this action sued for damages sustained in an intersection collision. The jury returned a verdict of no cause on both the claim and counterclaim, finding "both [drivers] were at fault". The trial court set aside the verdict and directed a verdict for plaintiff. The trial court could not direct a verdict unless viewing the evidence in the light most favorable to defendant it determined that the jury could not find plaintiff guilty of contributory negligence by any rational process (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241; *Lee* v. *City Brewing Corp.*, 279 N. Y. 380; *Carciofolo* v. *United States Fire Ins. Co.*, 38 A D 2d 672). While the testimony of defendant's driver was confused and at times contradictory, he did testify that he stopped at the yield sign placed at the intersection, looked both ways and entered the intersection when plaintiff's truck was 400 feet to the south. After entering the intersection defendant's vehicle turned south and the driver claims that the accident occurred entirely on his side of the road. This was sufficient to create a question of fact for the jury. The trial court should not have directed a verdict for plaintiff. However, we should not reverse the trial court's decision to set aside the verdict as contrary to the weight of evidence unless its action was unreasonable (*Mann* v. *Hunt*, 283 App. Div. 140). Under the circumstances of this case we agree with the trial court's decision setting aside the verdict as against the weight of the evidence. There should be a new trial. All concur except Moule, J., who dissents and votes to reverse the judgment and reinstate the verdict, in the following memorandum: On January 31, 1971, plaintiff C. A. Terpening Trucking Co., Inc., dispatched a tractor trailer loaded with gasoline north from Syracuse toward Oswego. The truck was traveling along Route 57 through the City of Fulton when it collided with a city-owned truck driven by defendant Francis H. Bonnie. According to the evidence presented to the trial court, the collision occurred as the city truck was attempting to turn left from Shaw Street into the southbound lanes of Route 57, directly across the path of plaintiff's northbound tractor trailer. There was testimony from the investigating police officer that the accident followed a snowstorm and that the road was extremely slippery. He said the temperature outside was 10 to 15 degrees below zero and three- to four-foot snowbanks lined the highway. The only other testimony was offered by the drivers of the respective vehicles. It was somewhat conflicting. The version of the facts most favorable to plaintiff was that plaintiff's driver was operating a 33-ton vehicle on hard-packed snow and ice. He was traveling at 25-30 miles per hour in a 45-mile per hour zone and was 400 feet from the city vehicle when he first applied his brakes. The jury denied recovery to plaintiff

on the ground that both drivers were at fault. The trial court set aside the verdict as contrary to the weight of the evidence and, subsequently, entered a directed verdict in plaintiff's favor. I agree that the trial court erred in directing a verdict for the plaintiff but I do not agree that a new trial should be ordered. In reviewing matters such as this, the trial court's discretion is entitled to consideration (*Mann* v. *Hunt*, 283 App. Div. 140) but a jury verdict should be set aside only where it is palpably wrong and the preponderance so great that no fair interpretation of the evidence could lead to the jury's conclusion (*Kimberly-Clark Corp.* v. *Power Auth. of State of N. Y.*, 35 A D 2d 330, 335). The resolution of conflicting evidence and the credibility of witnesses is for the jury to determine (*Swensson* v. *New York, Albany Despatch Co.*, 309 N. Y. 497, 505). In this case, the evidence was conflicting and credibility was a major factor. Moreover, even if the jury were to accept the version of the facts most favorable to the plaintiff, it might still find that plaintiff's driver should have been operating his 33-ton tractor trailer more prudently in view of the prevailing road conditions, and that his imprudence was a proximate cause of the accident (*Lee* v. *City Brewing Corp.*, 279 N. Y. 380). Accordingly, I think the judgment should be reversed and the jury verdict reinstated. (Appeal from judgment of Oswego Trial Term in negligence action.) Present — Marsh, P. J., Witmer, Moule, Simons and Del Vecchio, JJ.