■ HENRY McDOWELL, Respondent, v PATRICK C. DI PRONIO et al., Appellants.—Order unanimously affirmed, without costs. Memorandum: After a jury verdict of no cause of action in favor of both defendants, the trial court, upon plaintiff's motion, set it aside as against the weight of the evidence and ordered a new trial (CPLR 4404, subd [a]). In this appeal defendants contend that the verdict was not against the weight of the

evidence in that the plaintiff failed to prove negligence on the part of either defendant and failed to prove that his injuries were causally related to the accident. It is well settled that a motion under CPLR 4404 (subd [a]) should not be granted "unless the preponderance in favor of plaintiff was so great that the finding in favor of defendant could not have been reached upon any fair interpretation of the evidence [cases cited]" *(Olsen v Chase Manhattan Bank,* 10 AD2d 539, 544, affd 9 NY2d 829; see, also, *Abdoo v Wentworth,* 49 AD2d 1002; *Kimberly-Clark Corp. v Power Auth. of State of N. Y.,* 35 AD2d 330). However, where the trial court's determination that a jury verdict is contrary to the weight of the evidence is not unreasonable, this court should not intervene to reverse that finding *(Terpening Trucking Co. v City of Fulton,* 46 AD2d 992; *Mann v Hunt,* 283 App Div 140). Here the record is devoid of any evidence of contributory negligence on the part of the plaintiff. He was a passenger in defendant Baldon's automobile when it came into collision with the vehicle of defendant Di Pronio. While it is conceded that prior to the collision defendant Di Pronio's vehicle had been traveling in the wrong direction on a one-way street, there was substantial variance in the testimony of the defendants and their witnesses as to how the accident happened. Di Pronio contends that his automobile was stopped and parked before the first impact occurred. Di Pronio's negligence was proved, whether his automobile was moving (Vehicle and Traffic Law, § 1127) or parked (Vehicle and Traffic Law, § 1203, subds [b], [c]) at the time of impact. Such conduct constituted negligence in itself, leaving only the proximate cause of plaintiff's injury as a factual issue (cf. *Martin v Herzog,* 228 NY 164). There was also sufficient evidence from which the jury could have found negligence on the part of Baldon if it was determined that he failed to observe the Di Pronio vehicle; failed to keep his automobile under reasonable control and/or failed to operate his vehicle with reasonable care, having regard for the hazards existing from weather, road traffic or glare-ice road conditions. Whether the accident occurred as a result of the negligence of Di Pronio or Baldon, or both, should not be determined by this court, but surely on the facts before us a finding that it did not occur through the negligence of either defendant is contrary to the weight of the evidence. The only basis, then, upon which the jury's verdict could be sustained is a finding that the plaintiff either was not injured or that his injuries were not caused by the accident. Though some of plaintiff's claimed injuries are questionable, the medical evidence that he suffered a cervical neck sprain and muscle spasms is wholly uncontradicted. Furthermore, he was not advised by his doctor that he could return to work until 10 weeks after the accident. The defendants' contention that those injuries could have been found to have been caused by an earlier accident cannot be sustained in the record. The three witnesses who testified about the earlier accident agreed that it was minor in nature and that no one was injured. On these facts the action of the trial court in setting aside the verdict was reasonable and should not be disturbed. (Appeal from order of Supreme Court, Niagara County—automobile negligence.) Present—Cardamone, J. P., Simons, Mahoney, Dillon and Witmer, JJ.