■ JOANN SCHNEIDER et al., Appellants, v CARNEGIE HALL CORPORATION, Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered October 18, 1974, which is in favor of defendant, upon the setting aside by the trial court of a jury verdict in favor of plaintiffs, after a trial limited to the issue of liability only. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The findings of fact have been considered and have not been affirmed. There was no basis for dismissal of the complaint, as a matter of law, upon the authority of *Scott v Lincoln Center for Performing Arts* (25 NY2d 999, affg 31 AD2d 794), the case relied upon by Trial Term. In *Scott,* the majority in the Appellate Division found that the plaintiff had been guilty of contributory negligence as a matter of law, and that her fall resulted not from any culpable negligence on the part of the defendant, but rather from her own inattention to the physical surroundings, which caused her to fall down a stairway

while walking in a crowd. Here, however, there was no body of incontestable proof which indicated that plaintiff Joann Schneider was similarly guilty of contributory negligence as a matter of law; it was for the jury to determine whether liability existed, upon consideration of all of the elements of proof concerning negligence and contributory negligence (see *Praia v Allied Owners Corp.,* 241 App Div 740; *McCormack v Keith Corp.,* 245 App Div 765, affd 268 NY 696). At bar, issues evolved from the proof as to whether the balcony where the female plaintiff was proceeding was dimmer than the outside hallway; there was a sharp controversy over whether the light in the area was, as plaintiffs claim, very dim. The proof was that the female plaintiff was going toward her seat when she tripped and injured herself, as she walked down a step located near a door just outside of which there was allegedly a bright light. There was dark carpeting in the area of the accident. In addition to evaluating the proof adduced as to the common-law elements of liability, the jury was further bound to consider whether defendant had breached the duty fixed by local ordinance to equip the area where the female plaintiff fell "with artificial lighting facilities" (Administrative Code of City of New York, § C26-605.1). If a violation of such duty was found, it was the province of the jury to consider whether such violation was a proximate cause of the injury (see *Nielsen v City of New York,* 38 AD2d 592). Under the totality of circumstances established, it was for the jury to determine whether, upon a balancing of the proof concerning negligence and contributory negligence, the plaintiffs were entitled to a verdict. There should have been no interference by the Trial Justice with the jury's determination of the facts in issue as the evidence was susceptible of interpretations other than the view adopted by the Trial Justice. Accordingly, the granting, as a matter of law, of defendant's motion to set aside the verdict in favor of the plaintiffs and for dismissal of the complaint was improper (see *Moran v Caratozzolo Funeral Home,* 48 AD2d 703). While the dismissal of the complaint as a matter of law was error, upon the proof adduced we agree with the trial court's comment that the verdict was contrary to the weight of the credible evidence. For that reason we have granted a new trial. Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.