■    Anthony Valenti, Appellant, v John S. Prudden, Respondent, et al., Defendant.—Appeal (1) from an order of the Supreme Court at a Trial Term, entered October 12, 1976 in Delaware County, which granted defendant's motion to set aside the verdict and, if that decision is not upheld on appeal, to reduce the jury award to $5,000, and (2) from a judgment of that court entered the same day which dismissed plaintiff's complaint. In 1963 plaintiff was an inmate of what was then known as Sing Sing Prison at Ossining, New York. Along with three other inmates, he voluntarily submitted to experimental surgery to test the value of cartilage in the healing process. This process required the making of two paired incisions on his body, a suturing of the incisions, and a removal of those sutures a week later. In plaintiff's case the incisions were to be performed on his chest. Prior to undergoing these operative techniques, and following a discussion with the surgeon who would perform them, plaintiff executed a document which described the procedures, released the doctor and hospital from all claims, and further recited that "I have been advised and I understand that a small permanent scar may result from the experiment for which I have volunteered." As a result of the operation, plaintiff now has two keloid scars on his chest, one 11.0 centimeters by 2.5 centimeters and the other 13.0 centimeters by 1.5 centimeters, that cannot be corrected by plastic surgery. This action alleged causes of action based on negligence and a lack of informed consent against the hospital and the doctor but, at the close of plaintiff's case, the court dismissed all causes of action against the hospital as well as the negligence claim against the doctor. The jury found for the plaintiff in the sum of $20,000. The trial court set aside this verdict on the ground that "the evidence in this case was [not] sufficient to overcome the

effectiveness of the release" and ruled that if its order was not sustained on appeal a new trial would be directed unless plaintiff consented to reduce the award to $5,000. Finally, it directed the entry of judgment dismissing the complaint. The order and judgment appealed from must be modified. First of all, it was manifestly improper to dismiss the complaint. When a verdict is set aside as being contrary to the weight of the evidence, the trial court must order a new trial (*Blum v Fresh Grown Preserve Corp.*, 292 NY 241; *Ryder v Cue Car Rental*, 32 AD2d 143). Moreover, upon our review of this record, we conclude that the trial court also erred in setting aside the verdict. The jury was presented with clear questions of fact as to what was meant by a "small scar", whether plaintiff had given an informed consent to the operation, and what his consent had actually covered (*Garone v Roberts' Tech. & Trade School*, 47 AD2d 306; *Darrah v Kite*, 32 AD2d 208; *Moore v London*, 29 AD2d 666). It resolved those questions in plaintiff's favor and a motion to set aside the verdict should be granted only if the evidence is so heavily weighted against their decision that it could not have been reached upon any fair interpretation of the evidence (*McDowell v Di Pronio*, 52 AD2d 749; *Szabo v Super Operating Corp.*, 51 AD2d 466; *Knise v Shearer*, 30 AD2d 741). Here there was proof that the surgical experiments did not proceed as originally anticipated, together with conflicting versions concerning the expected results of that surgery. In our view the fact-finding responsibility of the jury was unduly invaded by the trial court and, under such circumstances, we will not hesitate to overcome our natural reluctance to disturb its decision (*Ellis v Hoelzel*, 57 AD2d 958). However, we do agree that the verdict as rendered was excessive, and that the trial court's evaluation of plaintiff's damages was reasonably well grounded. Although inarticulately stated, we treat its resolution of the motion to set aside the verdict as a conditional grant thereof unless plaintiff stipulated to a reduction of the award to the sum of $5,000 (CPLR 4404; *Welty v Brown*, 57 AD2d 1000). Order and judgment modified, on the law and the facts, by reversing so much thereof as set aside the verdict and dismissed the complaint, and by directing the entry of judgment setting aside the verdict and directing a new trial, limited solely to the question of damages, unless plaintiff stipulates to a reduction of the verdict to the sum of $5,000 within 20 days of the service of the order to be entered hereon, and, as so modified, affirmed, with costs to plaintiff. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.