■ LEON J. BLAKESLEE, JR., Appellant, v MARILYN LUBELL, Respondent. —Appeal from a judgment of the Supreme Court, entered June 28, 1977 in Otsego County, upon a verdict rendered at a Trial Term. On September 2, 1974, automobiles owned and operated by the plaintiff and the defendant came into collision on Route 7 in the Town of Oneonta at a point near where the entrance-exit lanes of the Oneonta Plaza Shopping Center (Plaza) intersect Route 7. This highway runs generally east and west and the Plaza entrance-exit lanes run generally north and south and are divided by a narrow curbed mall or island. There is no traffic control device controlling the intersection. The plaintiff was headed in an easterly direction and after stopping was proceeding to, or was about to, turn into the Plaza when the defendant, facing south, commenced her turn from the Plaza exit lane to go westerly on Route 7. A collision occurred giving rise to this cause of action for personal injuries alleged to have been received as a result thereof. After trial the jury rendered its verdict of no cause for action and this appeal ensued with the plaintiff contending that the verdict must be set aside as being one which is against the weight of the evidence. Concerning the scope of our review, it is well settled that the setting aside of a defendant's verdict in a tort case as against the weight of the evidence may be justified when "it can be plainly seen that the preponderance in favor of the plaintiff is so great that the jury could not have reached the conclusion they did upon any fair interpretation of the evidence" (Solkey v Beyer, 238 App Div 809; see, also, Lincoln v Austic, 60 AD2d 487; Smith v McIntyre, 20 AD2d 711). At this point, we would note that the jury's verdict leaves us uninformed as to the basis therefor. The jury may have concluded that the defendant was not negligent or that the plaintiff was contributorily negligent or possibly that the plaintiff suffered no injury which was proximately caused by the accident. Hence, our review must be directed toward all three possibilities for any one of these conclusions, if properly arrived at, would call for a verdict of no cause for action. Our review of this record, with consideration given to each of the three possible conclusions of the jury, leads us to find that the jury could not have reached its verdict on any fair interpretation of the evidence. Referring first to the parties' negligence or lack thereof, the record establishes by uncontroverted evidence that the plaintiff's car was at all times southerly of the center line of Route 7 and westerly of the mall or divider. In sum, it was at all times within its own lane or on its shoulder thus rendering strong support for the plaintiff's theory of the case, namely, that the defendant cut into the plaintiff's lane. Moreover, the damage to the vehicle's left front fender of the defendant's car and left door and left side of the plaintiff's car, as well as the testimony of the investigating officer and many other factors provide strong support for the plaintiff's position and lead us to conclude that it can be plainly seen that the preponderance of the evidence in favor of the plaintiff is so great that the jury could not have reached the conclusion that it did upon any fair interpretation of the evidence. Finally, turning to the remaining possible basis for the verdict, that the plaintiff suffered no injury, we again find such a conclusion to be contrary to the weight of credible evidence. True it is that one of the defendant's experts, Dr. Rinehart, testified that he found no injury or disease attributable to the accident at the time of his examination on July 8, 1976. However, that examination took place almost two years after the

accident and after the plaintiff had received prolonged treatment, including traction and hospitalization. Moreover, Dr. Rinehart conceded the possibility of a cervical ligamentous sprain as a result of the accident. The two remaining examining defendant's doctors found injury and differed with the plaintiff doctor only as to the nature and extent of the injury and the question of permanency. Clearly, this record is not one upon which a jury could properly conclude that the plaintiff sustained no injury and, hence, any verdict of no cause for action which was based upon a finding that there was no injury could not possibly be arrived at upon any fair interpretation of the evidence. Accordingly, since all of the possible bases for the verdict rendered are contrary to the weight of credible evidence, the judgment must be reversed. In reaching this result, we point out that for a party to be entitled to a new trial, he need not be entitled to judgment as a matter of law but merely the victim of a verdict that was contrary to the weight of the evidence (cf. *Schneider v Carnegie Hall Corp.*, 54 AD2d 897). Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.