■ THERESA YACANO, Respondent, v LYMAN DE FAYETTE, Appellant.— Appeal from an order of the Supreme Court, entered January 16, 1978 in Franklin County, which granted plaintiff's motion to set aside a verdict in favor of the defendant rendered at a Trial Term and directed a new trial. The accident from which this claim grew occurred at about 7:30 P.M. on December 21, 1972 on East Main Street in the Village of Malone at a point easterly of where that street is intercepted by Willow Street. While the visibility was good, it had been snowing and the road surface was wet and

greasy. The plaintiff and defendant were operating their respective vehicles in a generally westerly direction when the plaintiff, who intended eventually to turn south on Willow Street, stopped in a line of traffic. The defendant testified that he saw the plaintiff's vehicle when he was about 500 feet away; that he slowed his car at 300 feet and applied his brakes at 30 feet but slid into the rear of the plaintiff vehicle. After a trial, the jury rendered a verdict of no cause for action, and the plaintiff's motion to set aside the verdict as being against the weight of the evidence and for a new trial was granted by the trial court (CPLR 4404, subd [a]). This appeal followed. The defendant contends that the testimony adduced presented questions of fact and that their resolution was for the jury and not the court. It has been long and well established that a motion pursuant to CPLR 4404 (subd [a]) may be granted when it can be plainly seen that the preponderance of evidence in favor of the plaintiff is so great that the jury could not have reached the conclusion it did upon any fair interpretation of that evidence (Blakeslee v Lubell, 66 AD2d 958; Lincoln v Austic, 60 AD2d 487; McDowell v Di Pronio, 52 AD2d 749; Solkey v Beyer, 238 App Div 809). Where a trial court's determination that a jury verdict is contrary to the weight of the evidence is not unreasonable, this court should not intervene to reverse that finding (McDowell v Di Pronio, supra; Terpening Trucking Co. v City of Fulton, 46 AD2d 992). As in Blakeslee v Lubell (supra), exploration of the record on the question of defendant's negligence, the possibility of plaintiff's contributory negligence and damages is required. As to the defendant's negligence, his own testimony shows that he observed the plaintiff's vehicle when he was 500 feet from it; that he knew the road was wet and greasy; that he knew plaintiff was slowing or stopped by traffic ahead and yet he continued on in such a manner as to not be able to bring his vehicle under control and struck the plaintiff from behind. Turning to the question of the plaintiff's conduct, the undisputed testimony is that she was stopped or at most crawling because of traffic ahead of her and that her car lights were on. The defendant contends that he did not see the brake light or the directional signal, either because they were not activated or were obscured by dirt and that either circumstance would render plaintiff guilty of negligence and thereby preclude recovery. We disagree. Even if the record would support such a conclusion, and it does not, such negligence could hardly be deemed to have proximately caused or contributed to the accident when the defendant concedes that he saw the plaintiff's car when he was 500 feet from it. On the issue of damages we note that the defendant's examining physician concedes that plaintiff suffered an acute neck strain. Thus, it is clear after careful consideration of the three crucial elements that in each instance the evidence preponderates in favor of the plaintiff to such an extent that the jury could not have arrived at its verdict upon any fair interpretation of the evidence. Therefore, we conclude that the trial court's determination was in all respects reasonable and must be affirmed. Order affirmed, with costs to abide the event. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.