SANDRA SECOR, an Infant, by HOWARD R. SECOR, Her Father and Natural Guardian, et al., Respondents, v THOMAS J. KOHL et al., Appellants.

Second Department, April 16, 1979

### APPEARANCES OF COUNSEL

*Boeggeman, George, Jannace & Katz, P. C. (John E. Boeggeman* and *Kevin D. Moloney* of counsel), for appellants.

*Aurnou, Rubenstein, Morosco & Kelligrew (Benjamin Rubenstein* and *John R. Kelligrew* of counsel), for respondents.

### OPINION OF THE COURT

*Per Curiam.*

In this negligence action, defendants appeal from (1) a judgment of the Supreme Court, Westchester County, which is in favor of plaintiffs and against them, upon a jury verdict, and (2) an order of the same court which denied their motion to set aside the verdict. The appeal from the order should be dismissed (see *Matter of Aho,* 39 NY2d 241, 248) and the judgment should be affirmed.

On the afternoon of August 9, 1975, plaintiff Sandra Secor and a friend, Lynn Johnston, were riding bicycles on the right shoulder of the westbound side of Route 6 in Yorktown. Route 6 is a four-lane highway which, at that time, was divided by a grassy median. As she approached the intersec-

tion of Barger Street, Miss Secor signaled a left turn, looked back, saw no approaching cars for some 200 feet and slowly proceeded in a diagonal manner across the westbound lanes. Miss Johnston remained on the shoulder of the road and saw no approaching westbound traffic when Miss Secor began her turn. As Miss Secor entered the left westbound lane, her bicycle collided with the right front fender of a car driven by defendant Kohl and owned by defendant Ressegue. She fell to the ground and was seriously injured. Defendant Kohl testified, among other things, that he was traveling at 25-30 miles per hour and that Miss Secor was 35 feet from his car when she started to make her turn. "Several seconds" elapsed between the time he first saw the bicyclists and the time he applied his brakes. Kohl braked steadily and was traveling at 5-10 miles per hour just before the collision. The collision occurred 40 to 50 feet east of the Barger Street intersection. After the collision, defendants' car came to a stop in the middle of the Barger Street intersection.

On appeal defendants contend, first, that the verdict of liability was against the weight of the credible evidence. In defendants' view, the record demonstrates Miss Secor's contributory negligence as a matter of law, in that she either did not look for oncoming traffic before traversing the westbound lanes, or looked but failed to see defendants' car. We disagree. There is ample evidence in the record to support the jury's apparent conclusion that Miss Secor checked traffic before leaving the shoulder of the road. Furthermore, on this record, the jury would be entitled to find that defendants' car was too far away to be seen by Miss Secor or to be perceived as an immediate danger. Thus, *Weigand v United Traction Co.* (221 NY 39), cited by defendants, is distinguishable on its facts.

The record likewise contains ample evidence from which the jury might have concluded that prior to and at the time of the accident, defendants' car was moving at an excessive rate of speed, given the presence of a bicyclist on the roadway. Miss Johnston, for example, testified that the car appeared "all of a sudden" and that the accident occurred "immediately" thereafter. Kohl himself admitted that his car did not come to a stop until a point halfway into the Barger Street intersection, while he also testified that the accident occurred some 40 or 50 feet *before* the intersection. Similarly, the jury might have concluded that the driver did not decelerate sufficiently as he approached the intersection, since, as he testified, "[s]everal

seconds" elapsed between the time he espied the bicyclists and the time he first applied his brakes.

Where one version of the facts supports the determination that a plaintiff was contributorily negligent and another version does not, the questions of fact presented are for the jury to determine (Barreto v Rothenhauser, 46 AD2d 632). As the trial court noted, even if the defendant driver's version is credited with some degree of reliability, a "sharp issue of fact" was posed for resolution by the jury. Like the trial court, we are "unable to say that the verdict [on the issue of liability] was palpably wrong and that the preponderance of evidence [in defendants' favor] was so great that the jury's conclusion could not have been reached upon any fair interpretation of the evidence" (see Valenti v Prudden, 58 AD2d 956; Weeks v Beardsley, 33 AD2d 607; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4404.09).

Second, defendants argue that it was error for the trial court to refuse to charge the jury in accordance with subdivision (b) of section 1163 of the Vehicle and Traffic Law, which provides that a "signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning." Section 1231 of the same law makes applicable to bicyclists all the rights and duties which pertain to drivers of a vehicle under the Vehicle and Traffic Law, "except as to those provisions of this title which by their nature can have no application." Defendants would have us superimpose upon this latter phrase the interpretation that all the duties imposed on the drivers of motor vehicles apply with equal force to bicycle riders, unless the requirement in question is "not capable of being imposed upon bicycles and bicyclists (e.g., leaving the motor running, license plates, keys in the ignition, etc.)." Defendants contend, then, that the requirement that turn signals be given continuously for at least 100 feet before turning was made applicable to Miss Secor in the instant case by section 1231 of the Vehicle and Traffic Law.

Again, we cannot agree. The trial court noted, sensibly, that "it would be physically impossible for a bicyclist to give a continuous turn signal during the last one hundred feet before a turn without creating a danger of instability of the bicycle and inability to safely operate the bicycle." There is no indication in the language of section 1231 that the Legislature intended bicyclists riding in the flow of motor vehicle traffic to

incur the obvious danger inherent in giving an extended hand signal. The 100-foot continuous signal requirement appears to be gauged to automotive speeds and cannot be reasonably applied to the much lower speeds of bicycles. We hold, therefore, that such a requirement is one which "by [its] nature can have no application" to bicycles within the meaning of section 1231 of the Vehicle and Traffic Law. The trial court thus properly refused to charge the jury as to subdivision (b) of section 1163 of the Vehicle and Traffic Law.

■ Defendants contend, finally, that the trial court erred by excluding from evidence a portion of a police accident report containing a Yorktown police officer's statement of the defendant driver's account of the accident given to the officer at the accident scene. Defendants offered to introduce the report at trial as evidence in their case in chief. They argue on appeal that the driver's statement constitutes an admission and is thus admissible in evidence under that well-known exception to the hearsay rule.

We find the contention to be without merit. "An admission is an act or declaration of a party * * * which constitutes evidence *against* the party at trial" (Richardson, Evidence [10th ed], § 209; emphasis supplied). In the instant case, the defendants offered the contested portion of the report as evidence on their own behalf to rebut plaintiffs' allegations of negligence. Thus used, the accident report does not satisfy the requirement of the admission exception that the evidence be offered against the party who made the admission (see, also, *Reed v McCord,* 160 NY 330). The statement in question is not admissible as a declaration against interest, since the declarant driver was available to testify at trial (cf. *People v Brown,* 26 NY2d 88). Accordingly, since the defendant driver was not under a business duty to impart the information contained in the excluded portion of the police report, and no exception to the hearsay rule renders the statement otherwise admissible to establish its truth, the trial court properly excluded the portion of the police report at issue on this appeal (see *Johnson v Lutz,* 253 NY 124; *Cox v State of New York,* 3 NY2d 693; cf. *Kelly v Wasserman,* 5 NY2d 425; *Toll v State of New York,* 32 AD2d 47).

We have considered defendants' remaining contentions and find them to be without merit.

MOLLEN, P. J., SUOZZI, O'CONNOR and MANGANO, JJ., concur.

Appeal from an order of the Supreme Court, Westchester County, dated May 19, 1978, dismissed (see *Matter of Aho,* 39 NY2d 241, 248).

Judgment of the same court, entered June 2, 1978, affirmed.

Plaintiffs are awarded one bill of costs.