■ EDWARD L. BLITSTEIN, Individually and as Natural Guardian of DIANE BLITSTEIN, an Infant, Appellant, v CAPITAL DISTRICT TRANSPORTATION AUTHORITY, Respondent. — Appeal from a judgment of the Supreme Court, entered February 19, 1980 in Albany County, upon a verdict rendered at Trial Term, in favor of defendant. The infant plaintiff was riding a bicycle easterly in the right-hand lane of Western Avenue in the City of Albany on October 1, 1973. As she approached two parked cars, she looked over her left shoulder and observed defendant's bus coming behind her, and then proceeded to pull into the bus' lane to go around the parked cars. At this point, while the bus was passing her, it allegedly rocked sideways, grazing her, as a result of which she fell from the bicycle and the rear wheel of the bus went over her left leg, inflicting serious personal injuries. Upon the trial, there was no proof plaintiff signaled before turning into the bus' lane. The court charged the jury that both drivers were obligated to obey the Vehicle and Traffic Law and that if it found plaintiff guilty of contributory negligence, there could be no recovery. The verdict was no cause of action and this appeal ensued. In its charge, the court instructed the jury on several sections of the Vehicle and Traffic Law. Plaintiffs argue that it was error to charge that a bicyclist was required to comply with subdivisions (a) and (d) of section 1163 of that statute (signals required before turns) while omitting subdivision (b) (signal must be given for 100 feet before turning). Plaintiffs interpret Secor v Kohl (67 AD2d 358) as holding that a court should not charge that a bicyclist has an absolute duty to signal before turning, and urge that case as authoritative here. We disagree. In Secor, the court held that a bicyclist need not comply with subdivision (b) of section 1163 of the Vehicle and Traffic Law which requires a continuous signal for 100 feet before turning, reasoning that such compliance would constitute a danger because the bicyclist would be riding with one hand only. That court held the extended signal requirement to be an exception covered by section 1231 of the Vehicle and Traffic Law, as a regulation which, by its very nature, can have no application to a bicyclist. We believe Secor stands for the proposition that only the continuation of hand and arm turn signals for 100 feet before turning is excused under section 1231. To hold that bicyclists are excluded from any required hand signals before turning would be to strain the Vehicle and Traffic Law beyond reason and would permit form to prevail over substance. If the Legislature had intended bicyclists to be excluded from all requirements to signal before turns, it could have so stated. The record amply supports a finding that the infant plaintiff was guilty of contributory negligence which, at the time, barred her recovery, and such a finding should not be disturbed. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.