■ MICHAEL S. HILLIS, an Infant, by ANN L. HANEY, His Parent and Natural Guardian, et al., Appellants, v CITY OF ONEONTA, Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant, entered November 2, 1983 in Otsego County, upon a verdict rendered at Trial Term (Harlem, J.).

Plaintiff Michael S. Hillis, an 11-year-old infant, was injured on June 5, 1982 after falling off the Richards Crossing Bridge, owned by defendant, and plummeting 25 feet to the ground below. The fall gave rise to this action for personal injuries alleged to have been received as a result thereof by the infant and a derivative suit by his father. The jury rendered its verdict of no cause of action and this appeal by plaintiffs ensued. Plaintiffs contend that the verdict must be set aside because it is against the weight of evidence.

For plaintiffs to prevail, the preponderance of evidence in favor of plaintiffs must be so great that the jury could not have reached the conclusion it did upon any fair interpretation of the evidence (see *Blakeslee v Lubell,* 66 AD2d 958). The record discloses that the infant plaintiff was riding his bicycle on the day of the accident. He left home at about 1:00 P.M. on his way to a little league baseball game. It had rained earlier that day and the roadway was damp and slippery. While crossing the Richards Crossing Bridge and at a point three quarters of the way over, his bike jerked to the right, he lost his balance and fell together with his bike towards the right edge of the bridge, plunging over the side and falling some 25 feet to the railroad yard below. The infant plaintiff said he felt as if he had hit something but could not be sure. Plaintiff was riding along the 24-inch metal plate attached to the bridge's cross members.

The bridge was of 1906 vintage and in very poor condition. Its roadbed consisted of worn and loose cross-timber members to which two sets of iron plates, 24 inches in width, had been attached. It is on these plates that cars drove over the bridge. The plates were worn down from use to a smooth surface and had been patched in many places, leaving an uneven surface between the patches and the plate proper. On either side of the bridge was a continuous chain link fence, generally 39 inches in height above the bridge deck. Safety standards of the trade applicable to bridges since 1957 prescribed fencing to a height of 36 inches and abrasive surfaces on wheel plates to avoid slipping.

At the point at which the infant plaintiff fell off the bridge, the wire fencing was bent down and outward. It reached a height of only 20 inches. Joseph Champagne, an engineering expert called on behalf of plaintiffs, opined that if the fence were 39 inches at the point where plaintiff fell over, he would have fallen against the fence and would have been able to grab the fence. With the fence being at only 20 inches, it was well below where his hands rested on the handlebars of his bicycle.

A verdict sheet was given to the jury. The jury's verdict was reflected in the answers to the following two questions:

"1 (a) Was the City of Oneonta negligent in maintaining the bridge so that it was defective or out of repair or unsafe or dangerous or obstructive?

"Answer: Yes.

"(b) Was the negligence a proximate cause of the accident and injuries suffered by Michael Hillis?

"Answer: No."

Bearing in mind the scope of our review, we conclude that this record is not one on which the jury could find by any fair interpretation of the evidence that the negligence of defendant in the maintenance of the bridge was not a proximate cause of the accident and the injuries suffered by the infant plaintiff. Plaintiff's version of the accident is the only one contained in the record. The lowered fencing over which the infant plaintiff plummeted is clearly a proximate cause of the accident and his resultant injuries.

There remain undecided several issues which the jury never addressed as a result of its finding of no proximate cause and which are relevant to the issue of defendant's liability for the infant plaintiff's injuries. The matter must therefore be remitted for a new trial.

Judgment reversed, on the law, and matter remitted to Trial Term for a new trial, with costs to abide the event. Mahoney, P. J., Kane, Main, Weiss and Mikoll, JJ., concur.