■ DANIEL ANSBRO, Respondent, v ROCCO NOVIELLO et al., Appellants, and CHARLES McQUAIR et al., Respondents. [608 NYS2d 222] —Judgment, Supreme Court, Nassau County (Joseph Goldstein, J.), entered January 28, 1992, which, *inter alia,* on a jury verdict on the issue of liability, apportioned damages 40% against defendants-appellants, 50% against defendant McQuair, and 10% against plaintiff, and found in favor of defendant Sylvia DiPietro dismissing the complaint as against her, unanimously affirmed, with costs.

The verdict in favor of defendant DiPietro dismissing the cause of action for negligent entrustment against her was not against the weight of the evidence (*Blakeslee v Lubell,* 66 AD2d 958). It is true that a substantial number of witnesses, all apparently unbiased, gave evidence strongly indicating, contrary to the assertions of defendants McQuair and DiPietro, that the latter was aware of the former's ownership and use of the motorcycle, but, beyond mere knowledge on the part of the parent of her teenage son's ownership of the vehicle, there was no evidence of the teenager's age, intelligence, disposition or experience, as bearing on his ability to operate the motorcycle, or any other evidence advanced in support of the claim of negligent entrustment (see, *Alessi v Alessi,* 103 AD2d 1023). Similarly, we find no basis to set aside

the apportionment of damages, each driver having testified that the light was in his favor. McQuair's testimony that the left hand turn signal was in his favor at a distance of 250 feet cannot be weighed against the police officer's testimony that the signal does not activate unless a car is actually in the left turn lane, there being nothing in the record indicating the actual length of the left turn lane. Concur—Sullivan, J. P., Ross, Asch, Rubin and Tom, JJ.